# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIN RAY BUCK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>R. NDOH, et al.,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-00275-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL WITHOUT PREJUDICE<br><br>(ECF NO. 5) |

Elvin Buck ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 8, 2018, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 5).

Plaintiff asks for appointment of counsel because of his mental health issues and mental capacity.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances

1

the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims (the complaint is awaiting screening). Moreover, based on the complaint, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

Alternatively, Plaintiff may refile this motion immediately, but must include additional facts and evidence related to his mental issues and mental capacity. While Plaintiff claims to have mental health issues and insufficient mental capacity to prosecute this case, he has provided no evidence of these allegations. He has also not explained how his mental health issues and mental capacity affects his ability to prosecute this case. As mentioned above, the Court has reviewed Plaintiff's complaint, and it appears that Plaintiff can adequately articulate his claims.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **March 12, 2018**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE